Chicago West Division Railway Company v. Grant Gordon Hair, by James T. Hair, His Next Friend.

1. STREET CAR COMPANIES—*Ordinances—Construction of the Word " Car."*—It is questionable if an ordinance providing that it shall be unlawful for any of the horse railway companies of the city of Chicago to suffer any car to be run on any portion or part thereof in said city, at any time, unless the same shall be in charge of and under control of some competent conductor, who shall be a person other than the driver of said car, applies to cars which are not used for the transportation of passengers.

2. SAME—*The Term Conductor Defined.*—The term "conductor" as applied to the business of railways, signifies the chief official on the train, who controls its movements and usually collects fares.

3. NEGLIGENCE—*Failure to Comply with an Ordinance.*—In an action for personal injuries, alleged to be the result of negligence in failing to comply with the provisions of an ordinance, it must appear that the injury was caused by the failure of the defendant to comply with the ordinance.

4. SAME—*Duty of Railroad Employes with Regard to Children—Trespassers.*—It is not the duty of persons in charge of cars or carriages to be at all times so stationed that children can not jump on or " hitch on " to them in sport. Car companies are bound at all times not only to exercise ordinary care, but often to use great care that no one in the street is run over, but this care is due not so much to trespassers as to those making use of the street or car in an orderly and proper manner.

Memorandum.—Action for personal injuries. Appeal from the Superior Court of Cook County; the Hon. JAMES GOGGIN, Judge, presiding. Submitted at the October term, 1894. Reversed and remanded. Opinion filed March 5, 1895.

Edmund Furthmann and Van Vechten Veeder, attorneys for appellant.

Rudolph D. Huszagh, attorney for appellee.

Mr. Presiding Justice Waterman delivered the opinion of the Court.

The plaintiff, at the time not quite six years of age, was seriously injured under the following circumstances:

Two cars belonging to the appellant were proceeding along Ogden avenue from a repair shop. These cars were coupled together, drawn by one team of horses, and in charge of the driver and an employe of the appellant, who went along to assist the driver at switches and as might be necessary. The cars carried no passengers, not being run for such purpose, being merely on their way from a repair shop.

The plaintiff and two other boys coming out of an alley near Paulina street, ran to get onto the cars. There is nothing tending to show that any of the boys intended to become passengers; they merely, so far as appears, wished to jump on and ride a short distance. One of the boys, named Colby, jumped on the back platform of the forward car. The plaintiff says, "Willie (Colby) got on before I did. The car was going pretty fast, as fast as the car usually goes. I had to run to catch it. I was trying to get on the car to be near where Willie was. Before I got on I did not see anybody on the car except the driver. There was nobody on the platform, no one in the rear car. I got on the front platform of the rear car, and pretty soon I heard somebody hollering and shouting, and noises, and then I got frightened and fell off." In falling off the plaintiff fell under the car and was injured.

Mr. Buckland, the driver's assistant, who had never been a conductor upon any of the regular passenger cars of the defendant, testifies that some boys got on the rear platform of the rear car and rang the bell; that he ran through the car to the rear platform and chased the boys off the car; that

he then started toward the front platform; that he saw some boys coming toward the car and hurried to keep them from getting on; that he felt a jolt, and thinking that some one had been run over, called to the driver to stop the car; then went back and picked up the plaintiff.

No negligence on the part of the defendant was shown, unless its failure to comply with the following ordinance be such: "Section 1515. It shall be unlawful for any of the horse railway companies of the city of Chicago to suffer any car to be run on any of the streets or any portion or part thereof, in said city, at any time, unless the same shall be in charge of and under control of some competent conductor, who shall be a person other than the driver of said car. For each and every violation of the provisions of this section, the said companies, or either of them, shall be subject to a fine of not less than ten dollars, nor exceeding one hundred dollars."

It is questionable if this ordinance is applicable to cars which are not being used for the transportation of passengers.

The term "conductor," as applied to the business of railways, signifies the chief official on the train, who controls its movements and usually collects fares. Century Dictionary. Be this as it may, it does not appear that the injury to the plaintiff was caused by the failure of the defendant to comply with the ordinance.

It is argued that if there had been a conductor with each car the plaintiff would not have jumped upon the car. We do not see how this follows. The ordinance does not make it the duty of the conductor to keep small boys from getting thereon, nor at what place in the car he shall remain. The conductor might, under the ordinance, have properly been upon the rear platform or seated near the rear door. It is not possible for one conductor to be at all times so stationed as that he can prevent children jumping on in mere sport.

Unquestionably, passenger cars as well as teams of all kinds do afford an enticement to children to jump on, "hitch on," make use of the vehicle in play, but we are aware of no rule making it the duty of those in charge of

cars or carriages to be all the while so stationed that boys can not jump or hitch thereon in mere sport. As to this see Chicago, W. I. Ry. Co. v. Roath, 35 Ill. App. 349. It is a favorite amusement of boys to jump on a car, ride a short distance and jump off. Also to jump on and "ring up fares on the conductor." Car companies are bound at all times not only to exercise ordinary care, but ofttimes great care, that no one in the street is run over or injured, but this care is due not so much to trespassers as to those making use of the street or car in an orderly and proper manner.

The plaintiff was a trespasser, injured, so far as appears, without fault of the defendant. No negligence of the defendant contributing to the injury of the plaintiff appearing, the judgment of the Superior Court is reversed and the cause remanded.