## Mathew Donaldson, by Magdalen Donaldson, his next friend, Appellee, v. Spring Valley Coal Company, Appellant.

## Gen. No. 5,636.

1. NEGLIGENCE—*trespassers.* The owner or occupier of premises owes no duty to a trespasser except to do him no wilful or wanton injury.

2. NEGLIGENCE—*duty toward children.* The fact that a trespasser on a railroad track is a child six years of age, adds nothing to the duty of a mining company which conducts cars of coal over such road.

3. NEGLIGENCE—*when wanton injury to trespasser not shown.* A declaration which avers that a servant of a mining company, who conducted loaded cars down an incline, saw plaintiff, a child, on the track, in time to prevent the accident, but negligently and wantonly injured him, is not supported by the preponderance of the evidence where plaintiff was trespasser, and it seems that the servant saw some children playing near the track while he was some distance away, but could not see that plaintiff was on the track at the time of the accident, because he was at the brake at the rear of the car.

4. NEGLIGENCE—*trespassers.* Children playing around tracks over which a coal mining company takes loaded cars are trespassers, where the company has made attempts to keep people away by posting notices and by driving them out.

5. MINES AND MINERS—*when cause of action exists.* There can be no cause of action under the mining act, where the one injured was a trespasser and not employed by the company and was not injured at a part of the mine.

6. NEGLIGENCE—*attractive nuisance.* The theory of attractive nuisance is properly withdrawn from the jury where it appears that there is a stone wall around the alleged attractive premises, over which children climbed to take coal, that the premises are in a narrow valley not visible from the residence part of the city, and that the injured child could not see the place where he was injured until he became a trespasser.

7. APPEALS AND ERRORS—One who alleges error must show it by the abstract.

8. EVIDENCE—*when transcript of plaintiff's testimony at former trial not competent.* On action for personal injuries where the plaintiff is a witness and states all he remembers of the circumstances, the official reporter's transcript of his testimony on a former trial of the cause is not competent when offered by plaintiff.

Action in case for personal injuries. Appeal from the Circuit Court of Bureau county; the Hon. SAMUEL C. STOUGH, Judge, presiding. Heard in this court at the April term, 1912. Reversed. Opinion filed October 15, 1912. *Certiorari* denied by Supreme Court (making opinion final).

J. L. SPAULDING and J. L. MURPHY, for appellee.

MASTIN & SHERLOCK and GEORGE S. SKINNER, for aplant; FRANK CROZIER, of counsel.

MR. JUSTICE WILLIS delivered the opinion of the court.

For many years appellant has operated a mine at Spring Valley, from which coal is raised into a tippling house and loaded into open cars and box cars on tracks which run through appellant's premises in an easterly and westerly direction and connect with a branch of the C. & N. W. Ry. After a car is loaded and weighed it is bumped out by the next car and runs down an incline in a northeasterly direction to a point where it is left to be hauled away by the railroad company. A servant of appellee, called a trimmer, is in charge of this car and when it is at the right distance from the scales he stops it and goes back for the next car. When the next car strikes a loaded open car, coal is frequently jarred off. It has been the practice of women and children to pick up coal along these tracks and carry it away and sometimes to even get upon the cars and throw the coal off. Although appellant has made repeated attempts to keep them off its premises by posting warning signs, by driving them away, by having them arrested and fined, they were frequently there from 5 o'clock in the morning until after dark.

On November 16, 1901, Heilgeist, the trimmer, took a loaded, open car down the incline to a point about three hundred feet northeast of the scales, set the brake, went back and came down with a loaded box car. When this car left the scales, appellee, then six

years of age, and two little girls were playing around
the tracks about 120 feet northeast of the scales. One
of the little girls was pushed off the track by this car
and appellee was thrown down and one of the wheels
passed over his leg, crushing it. On February 2, 1903,
he, by his father as his next friend, brought suit
against appellant in the Circuit Court of Bureau
county to recover for such injuries. A judgment for
$250 was entered by agreement, half of which was re-
ceived by the father and the other half retained by the
attorney. On August 11, 1903, by the same next friend,
he instituted another suit for the same injuries against
appellant and the C. & N. W. Ry. Co. November 3,
1903, he filed a motion to set aside the judgment in
the first suit, which motion was overruled. The suit
of August 11, 1903, was dismissed for want of prosecu-
tion. On December 23, 1903, by the same next friend,
he filed a bill in chancery asking that the judgment
be set aside and for a new trial. A decree was entered
and appealed from by appellant to this court and that
part of the decree granting appellee a new trial was
sustained. Spring Valley Coal Co. v. Donaldson, 123
Ill. App. 196. On December 9, 1905, he commenced a
new suit in the Circuit Court of Cook county on the
same cause of action, which was dismissed on Septem-
ber 1, 1906. On the same day he, by his mother as
next friend, began suit in the Circuit Court of Bureau
county for the same injury, against appellant. On
the trial he took a non-suit. On March 6, 1908, by the
last named next friend, he brought suit in the same
court against appellant, which was dismissed for want
of prosecution. On July 23, 1908, by the last named
next friend, he brought this suit against appellant in
the same court upon the same cause of action and filed
a declaration containing nine counts. On the trial, at
the close of all the evidence, the court directed the
jury to find appellant not guilty as to all the counts
excepting the fifth. The jury returned a verdict of
$8,000 for appellee. Motions for a new trial and in

Donaldson v. Spring Valley Coal Co., 175 Ill. App. 224.

arrest of judgment were overruled, judgment was entered on the verdict, from which this appeal is prosecuted.

The fifth count described the mine and its surroundings and the method of handling cars, and charged that appellant's servants saw appellee on the track in a position of danger in time to prevent the accident and averred that through their negligent and wanton conduct appellee was injured.

It is clear that appellee and the other children were trespassers, and even if appellant had not tried to keep them away, they would be merely licensees at the very most. The general rule is that the owner or occupier of premises owes no duty to a trespasser except to do him no wilful or wanton injury. 3 Elliott on Railroads (2nd Ed.) sec. 1253, note 49. It is not under greater obligation to anticipate the presence of children upon its premises than of adults. Chicago & W. I. R. Co. v. Roath, 35 Ill. App. 349. The tender years of appellee added nothing to the duty of appellant. In actions for injuries to children, as in other cases, there can be no recovery unless the defendant has been guilty of a breach of duty. 2 Thompson on Negligence, sec. 1805. In order, therefore, to establish a cause of action under the fifth count, it was necessary for appellee to prove that appellant's servant, Heilgeist, knew that the children were on the track and liable to be hurt and knowing that, did not try to stop the car. The proof shows that after he left the scales he saw the children along the track near the open car. Two witnesses for appellee, who were about 10 years of age at the time of the accident, said the brake was on the northeast or forward end of the car as it went down the incline, and that Heilgeist was at the brake. One witness for appellee, who was about fifteen years of age at the time of the accident testified on cross-examination that the brake was at the southwest end of the car. If Heilgeist was on the forward

or northeast end of the car, he might have seen appellant if he had looked. Four witnesses for appellant, Lynch, the car handler; Morrison, the foreman; Rafter, the weighman, and Heilgeist, testified that the brake was on the west or rear end of the car. If that was a fact, and Heilgeist stood at the brake, where all the witnesses place him, he could not see appellee. A clear preponderance of the evidence is that the brake was on the rear end of the car. Two witnesses, who were 10 and 12 years of age respectively at the time of the accident, testified that appellee was on the track as the car left the scales, but an examination of their testimony shows that they did not know whether appellee was standing on the track or playing about it with the other children. The only evidence that appellee was standing on the track was given by one of appellant's servants, who testified that he saw appellee and the little girl standing on the track when the car was about three feet from them but that he was so far away that he could render no assistance. Heilgeist swears positively that he did not see appellee on the track. There is nothing in the evidence tending to indicate that Heilgeist's instincts of humanity would not have led him to try to stop his car if he had known that appellee was in danger. The only reasonable conclusion that can be drawn from the evidence is that appellee was playing about the tracks with the other children and came upon the track suddenly a short time before he was struck and at a point where he could not be seen by Heilgeist. As appellant owed him no duty to be on the lookout for him, and as Heilgeist did not see him, appellant is not guilty under the fifth count. With all the counts except the fifth withdrawn from the consideration of the jury, we must assume that their verdict was based upon the charge that appellant's servant wantonly ran the car onto appellee, and such a finding is manifestly against the weight of the evidence. It is therefore our conclusion that the judgment must be reversed.

We are also of the opinion that the cause ought not to be remanded unless a cause of action could be maintained under some of the other counts, and this brings us to a consideration of the cross-errors.

The first, second, third, eighth and ninth counts alleged a violation of the mining act in force 1901, prohibiting children under 14 years of age from doing manual labor in and about any coal mine. Some of these counts seem also to be based on the statute which forbids the employment of children of tender age. It is indeed illogical to claim that appellant which had, in many ways, used efforts to keep the children off its premises, was employing this six-year-old boy in violation of the statute. There could be no cause of action under the mining act, because appellant did not employ appellee, and he was there against appellant's will and also the place where appellee was hurt was not a part of the mine and was not subject to the mining laws. Rogers v. St Louis-Carterville Coal Co., 254 Ill. 104. The fourth, sixth and seventh counts sought to hold appellant liable on the ground that its premises constituted an attractive nuisance and that it was its duty to so fence and guard the place that children could not get upon its tracks. There was proof that there was a stone wall around the tippling house and other of its buildings, over which the children were in the habit of climbing in order to get into appellant's premises for the purpose of taking the coal. There was also proof that appellant's premises were in a deep and narrow valley and not visible from the residence part of the city. Appellee lived some distance from the place where he was injured and could not see it and could not be attracted to it until he had become a trespasser. Having become a voluntary trespasser, he could not become anything else by finding an attraction after he got on the premises. No case has been called to our atttention where the doctrine of attractive nuisance has ever been applied to any machinery

on premises in actual use by the owner. To employ the language used by counsel for appellant, "It has been restricted to things not in use—to things at rest, to things so situated that they hold out an unusual inducement to play (not to steal)." If this railroad track, away from any highway, away from any residence, is to be made subject to the law of the turntable cases, then it would be impracticable for any railroad to operate in this country. While appellant was not a railroad company, yet it was using a railroad track and cars in the conduct of its business. To ask the courts to impose on the owners of such enterprises a duty to save trespassing children from harm, is asking the courts to impose on such owners a duty which the laws of nature and the laws of the land impose on parents. We are of the opinion that there was no error in withdrawing these counts from the consideration of the jury.

Appellee sought to prove by two witnesses what Heilgeist said after the accident. One alleging error must show it by an abstract. We cannot tell from an examination of either the original or additional abstracts whether the supposed remark by Heilgeist would tend to establish appellant's liability. Counsel asked Heilgeist on cross-examination if he did not make the supposed remark and Heilgeist denied it. Appellee could have thereafter offered that proof for the purpose of impeaching Heilgeist, but did not do so.

Appellee was a witness on this trial and testified that he did not remember when he got hurt. He stated all that he remembered of the circumstances. Appellee then offered and the court refused the official reporter's transcript of his testimony on a former trial. The former testimony does not appear in the abstract, so that we have no means of knowing that he testified to anything at the former trial that was not covered in the present trial. We know of no legal principle upon which such transcript would be competent.

We.therefore conclude that the case should not be remanded on the cross-errors.

The judgment is therefore reversed.

*Reversed.*

Finding of facts to be incorporated in the judgment: We find that appellee was a trespasser upon the premises of appellant, or at least a mere licensee thereon; that appellant owed him no duty except not to wantonly injure him, and that the servant of appellant in charge of the car by which appellee was injured did not know of appellee's presence on the tracks, and did not wantonly or intentionally run upon him, and that under the facts, appellee has no cause of action against appellant for the injury he sustained.