**John Kerins, a minor, by Michael Kerins his next friend, Appellee, v. John Anderson and Bush & Lane Piano Company, Defendants.**

## Appeal of John Anderson.

## Gen. No. 17,464.

1. NEGLIGENCE—*duty to boy jumping on wagon.* Where a six-year-old boy jumps on a wagon and slips and falls in front of a wheel in attempting to get off, the driver owes no duty other than not to injure him wantonly or wilfully.

2. NEGLIGENCE—*when no evidence of wrongful act by wagon driver.* Where a six-year-old boy jumped on a wagon unknown to

the driver and slipped and fell in front of a wheel in attempting to get off, there is no evidence of wilful or wanton conduct on the part of the driver, and peremptory instruction should be granted.

Action in case for personal injuries. Appeal from the Circuit Court of Cook county; the Hon. ADELOR J. PETIT, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed with finding of fact. Opinion filed November 29, 1912.

HENRY S. WILCOX, for appellee; JESSE WILCOX, of counsel.

No appearance for appellee.

MR. JUSTICE McSURELY delivered the opinion of the court.

John Kerins, a child of six years of age, in December, 1904, met with an accident in attempting to leave a wagon belonging to and driven by the defendant, John Anderson. Suit was brought against Anderson and the Bush & Lane Piano Company. Upon the trial the jury was instructed by the court to find the Bush & Lane Piano Company not guilty, and a verdict of $150 was returned against the defendant, Anderson, and judgment entered thereon, from which Anderson appeals. The appellee does not appear in this court.

It is argued that, admitting the truth of the testimony on behalf of plaintiff, there is no liability of defendant for damages. The wagon was a two-horse piano wagon, and empty; it had a flat bottom, with no sides. Anderson was driving past the school house at Albany and Van Buren streets when some boys (including plaintiff and an older brother) coming from school jumped on the wagon. Anderson paid no attention to them, but turned north on Kedzie avenue, the horses walking all the time. North on Monroe street he started to turn his wagon out of the northbound car track to avoid a northbound car, and the boys began to jump off the wagon. Apparently all of

them jumped off from the rear except plaintiff, who, attempting to get off at the side, slipped and fell in front of the rear wheels of the wagon, which ran over his leg.

The motorman of the northbound car says that Anderson all the time was looking straight ahead and apparently did not know of the accident until told of it by the motorman. Anderson says that he did not know that the boys were on the wagon, and that the first time he saw plaintiff, John Kerins, was after the accident. As soon as Anderson was told that the child had been hurt he stopped his wagon, picked the boy up, took him to a doctor's office nearby and remained with him until the boy's mother came. John Kerins, the plaintiff, testified, but remembered hardly anything about the occurrence.

As announced in many decisions under like circumstances, the defendant owed no duty to the plaintiff other than not to injure him wantonly or wilfully. Legal liability is based upon the breach of some legal duty, and there is no evidence in this record that would justify a finding that the injury to the plaintiff was the result of any wanton or wilful conduct on the part of the defendant. Belt Ry. Co. of Chicago v. Charters, 123 Ill. App. 322; Hebard v. Mabie, 98 Ill. App. 543; Conlon v. Bailey, 58 Ill. App. 261; Chicago W. D. R. Co. v. Hair, 57 Ill. App. 587; Barry v. Stevens, 206 Mass. 78; Rice v. Buffalo Steel-House Co., 17 App. Div. (N. Y.) 462.

Upon the facts appearing in the record we find that the defendant, Anderson, was not guilty of negligence as charged in the declaration or any count thereof, and that it was error in the trial court in not instructing the jury to that effect. The judgment is reversed and, as there can be no recovery, judgment for the defendant will be entered in this court.

*Reversed with finding of fact.*