## In re Estate of Mae E. Pribyl, Deceased.

## Charles E. Wesely, Claimant, Plaintiff in Error, v. Estate of Mae E. Pribyl, Defendant in Error.

### Gen. No. 20,834.

1. JUDGES, § 9*—*when interchange authorized.* Rev. St., ch. 37, sec. 245 (J. & A. ¶ 3294), authorizes judges of city courts to hold court for Circuit Court judges in Cook county.

2. APPEAL AND ERROR, § 1718*—*when question of constitutionality of statute waived.* The Appellate Court cannot pass on the validity

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

of a statute for the reason that in taking an appeal to that court instead of to the Supreme Court all constitutional questions are waived by appellant.

3. APPEAL AND ERROR, § 714*—*when placita sufficient.* Where a judge of a city court holds court for a judge of the Circuit Court, although it would have been well if the *placita* had stated that such judge of the city court had been requested to hold court in the Circuit Court, the *placita* is not fatall⁓ defective in that it does not so state.

4. PARENT AND CHILD, § 45*—*when gift presumed.* Improvements made by a parent on the property of a child are presumed to be intended as a gift in the absence of evidence of a contract or promise of the child to pay for such improvement, or of a statement for such work rendered to her, or that an account had ever been kept between them with reference to the work.

Error to the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1914. Affirmed. Opinion filed November 15, 1915.

Q. J. CHOTT and FRANK H. CULVER, for plaintiff in error.

BENJAMIN B. KAHANE and DANIEL P. TRUDE, for defendant in error.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

A claim by Charles E. Wesely against the estate of Mae E. Pribyl, deceased, was dismissed by the Probate Court. Upon appeal to the Circuit Court a jury, as instructed by the court, found the issues for the defendant. Claimant seeks to have the judgment entered thereon reversed.

The trial judge was H. Sterling Pomeroy, a judge of the City Court of Kewanee, Henry county, Illinois, then sitting in the Circuit Court of Cook county, and the principal point urged by claimant is that Judge Pomeroy had no right to preside in the Circuit Court and to hear the case at bar.

Section 245 of chapter 37, Rev. St. (J. & A. ¶ 3294), clearly seems to authorize judges of city courts to hold

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

court for Circuit Court judges in Cook county. The section reads as follows:

"Such judges may, with like privileges as the judges of circuit and county courts, interchange with each other, and with the judges of circuit, superior, county and probate courts, and may hold court for each other, and for judges of circuit, superior, county and probate courts, and perform each other's duties, and the duties of judges of circuit, superior, county and probate courts, when they find it necessary or convenient."

In *American Car & Foundry Co. v. Hill,* 226 Ill. 227, it was held that under this statute a judge of a city court was qualified to preside at the trial of a cause in the Circuit Court. See also, opinion in *White v. Herhold,* 182 Ill. App. 477, in which this identical question was involved.

We cannot pass upon the validity of the statute. *Case v. City of Sullivan,* 222 Ill. 56; *Rogers v. St. Louis-Carterville Coal Co.,* 254 Ill. 104.

It is not fatally defective that the *placita* did not recite that Judge Pomeroy had been requested to hold court in the Circuit Court. Upon a similar point the Supreme Court said in *Reitz v. People,* 77 Ill. 518: "It would have been well the *placita* should have stated, 'holding the term by request of the judge of the 23rd judicial circuit,' but the omission does not render the proceedings void."

The claim is for labor and materials furnished by claimant in building a porch on the premises owned by Mae E. Pribyl, who was his daughter. Testimony was introduced tending to prove the value of the labor and materials. There was no evidence of any contract or promise by Mae E. Pribyl to pay her father, nor any proof that a statement for said work had ever been rendered to her, or that there had been any account with reference thereto kept between them. No claim therefor was made until nearly three years after the daughter had died.

It was decided in *Maciejewska v. Jarzombek*, 243 Ill. 136, that improvements made by a parent on the property of a child are presumed to be intended as a gift. Hence it was not error for the court herein to instruct the jury to find against the claimant. The judgment is affirmed.

*Affirmed.*