Wladysus Szymczak, Defendant in Error, v. Schillinger Brothers Company, Plaintiff in Error.

Gen. No. 21,513.

1. NEGLIGENCE, § 19*—*what does not constitute attractive nuisance.* A barrel possesses no quality attractive to children, as does a turntable or push car, or boards or logs floating on a pool of water, so as to be held to be an attractive nuisance.

2. NEGLIGENCE, § 19*—*when doctrine of turntable cases inapplicable.* The doctrine of the turntable cases as to attractive nuisances is not to be extended to the case of a barrel containing hot tar used in making asphalt.

3. NEGLIGENCE, § 19*—*when person liable for maintaining attractive nuisance causing injury to children.* It is a necessary element of liability for maintaining an attractive nuisance that the thing causing injury be such as to tempt children, and be so located as to attract them from the street or other public place where they may be expected to be, so that the owner may be held bound to anticipate that the children would come on the premises, but an owner cannot be held liable for maintaining for his own use something which might be dangerous to children who trespassed on the owner's land without being attracted thereto.

4. NEGLIGENCE, § 19*—*when person not guilty of actionable negligence in maintaining attractive nuisance.* In an action to recover for injuries sustained by a six-year-old child as a result of defendant's alleged negligence, where it appeared that plaintiff, while trespassing on land of defendant used in making asphalt, put his hand into a barrel containing hot tar, burning the hand, plaintiff being engaged with other children in making tar balls when injured, *held* that defendant was not guilty of actionable negligence.

Error to the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the October term, 1915. Reversed with finding of fact. Opinion filed January 31, 1916.

McCASKILL & McCASKILL, for plaintiff in error.

STAHL & LEWALD, for defendant in error.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

Plaintiff, a minor, brought suit alleging the maintenance by defendant of an attractive nuisance whereby he was injured. He had judgment for eight hundred and fifty dollars.

Defendant was engaged in the business of laying concrete and asphalt floors and erecting concrete buildings, and was in possession of a lot on North Seeley avenue, in Chicago, where it melted the tar used in making asphalt. After the tar was melted in a vat it was poured into barrels and allowed to cool. Plaintiff, six years old, living near by, was playing on the lot with other children; they were making tar balls. By standing on a piece of concrete, which he placed for the purpose, he reached into one of these barrels and burned his hand in the hot tar.

We are referred to no case holding a barrel or any receptacle of tar to come within the rule of a danger attractive to children, or, as it is sometimes called, an attractive nuisance. The barrel cannot be said to possess a quality attractive to children, as does a turntable or a "push car," or boards or logs floating on a pool of water, which have been held to be attractive nuisances. In *Newman v. Barber Asphalt Paving Co.*, 190 Ill. App. 636, the court declined to apply this doctrine to a wagon loaded with tar, although it was there urged as it is here that this was "attractive to children and appealed to childish curiosity and instinct to play with and in the making of balls of tar." We are not willing to extend the doctrine of the turntable cases to include a barrel of tar.

Plaintiff lived a very short distance from this lot, on which there was no building except a shed in the rear. With other children he frequently used the lot as a playground. It was while playing there that he noticed the barrel of tar. What is said in *McDermott*

*v. Burke,* 256 Ill. 401, is applicable to the facts before us. The court there said (p. 406): .

"It is a necessary element of the liability that the thing which causes the injury is tempting to children and to constitute a means of attracting them upon the premises which the owner should anticipate. The dangerous thing must be so located as to attract them from the street or some public place where they may be expected to be. An owner would not be liable if he maintained something for his own use which might be dangerous but which would only be found by children going upon his premises as trespassers."

We hold that the defendant was not guilty of actionable negligence, and the judgment is reversed with a finding of fact.

*Reversed with finding of fact.*