## John Purcell, Administrator, Appellee, v. Charles H. Degenhardt, Appellant.

1. Negligence, § 19*—*what does not constitute an attractive nuisance.* A steam roller while going along a public street in charge of some person as driver is not an attractive nuisance, and the law applicable to 'attractive nuisances does not apply, in an action for damages for death caused by such roller, to a child playing thereon.

2. Negligence, § 187*—*when evidence is insufficient to show wantonness and wilfulness in driving over child with steam roller.* Where, in an action for damages for the death of a six-year-old child, the evidence showed that the child ran from its home to the side of a steam roller which was coming down the street at a moderate speed driven by defendant's servant, an experienced man in such work, and jumped upon the roller frame unseen by the driver because of obstruction of his view by the machinery on the framework above the roller, and with nothing to attract his attention to such child, who then fell off under the roller and was killed, *held* that there was no proof that said servant wantonly and wilfully drove the roller upon the child, or that he was guilty of such recklessness as would charge him with wilfulness.

3. Jury, § 80*—*when question on voir dire in action for death is improper.* The question on *voir dire* in an action for damages on account of death whether the talesman was interested in any insurance or casualty company doing a liability business is objectionable as indicating to the jury that the case was really being defended by an insurance or casualty company and therefore that the nominal defendant was not interested, and such question should be avoided.

Appeal from the Circuit Court of Madison county; the Hon. J. F. Gillham, Judge, presiding. Heard in this court at the March term, 1916. Reversed and remanded. Opinion filed November 13, 1916.

C. E. Pope, for appellant.

Williamson, Burroughs & Ryder, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

John Purcell, as administrator of the estate of his son, James P. Purcell, who was six years old at the time of his death, brings this suit against appellant to recover damages on account of the death of his intestate, which was shown to have occurred in the following manner: Appellant was a street contractor and on July 24, 1916, was paving an alley in the rear of appellee's home. In doing this he was using a street roller, which weighed about five tons and had two rollers, one following behind the other. The back roller was movable in the frame, so that it could guide the machine and above it was the driver's seat. The driver was Fred Gerdes, a man of experience in that line of work. About eighteen inches from the ground a heavy frame extended around the rollers and above them were an engine and a small boiler with a smokestack. At the side was a cast-iron tank for water and coal. These all rested on the frame and in some degree obstructed the view of the driver when looking forward. Appellant had been using the roller in the neighborhood for several weeks, and while it is shown that children were forbidden to get upon the frame and ride, it was also shown they did ride upon it at times, it appearing that the children kept jumping on and being driven off by the driver. It also appeared that the deceased child had been warned on two different occasions to keep off the machine. Appellee lived on Sixth street about one hundred fifty feet from its intersection with Central avenue in Alton, Illinois, where the work was being done. About six o'clock on the evening of the day referred to, Gerdes was driving the engine northward on Central avenue towards Sixth street at a speed between a mile and a half to two miles an hour. As it reached the intersection of the streets, the boy ran down from his father's home and jumped upon the front of the frame. He then jumped down and fell upon his hands and knees in front of the roller and, in attempting to crawl out, his legs were caught

and crushed so that he died.  Gerdes testified that he
was looking forward, but did not know of the boy's
presence or of the injury until his attention was called
to it by some one else.

The declaration contained ten counts, all, except the
seventh, being based on the theory that the roller was
an attractive nuisance.  While in each of nine counts
the facts were in some degree differently charged, the
averment that the roller was an attractive nuisance
was an essential element and became necessary of
proof to warrant a recovery on any one of them.  One
of the principal instructions given for appellee also
related to this subject and permitted the jury to deter-
mine whether or not the machinery in question was
attractive to children of the age of deceased, as one of
the principal grounds for a verdict in favor of appel-
lee.  The seventh count of the declaration charged
wilfulness on the part of the driver of the steam roller.
The jury found a verdict assessing plaintiff's dam-
ages at $1,000, and judgment was rendered for that
amount.

The first question to be determined by us from the
proofs is whether or not the steam roller was an at-
tractive nuisance, or at least whether that question was
one for the jury to determine.  Most all of the cases
where the doctrine of attractive nuisance is recognized
are where the thing causing the injury is not at the
time under the supervision of the owner or one in con-
trol thereof, as a pool with logs floating in it (*City of
Pekin v. McMahon,* 154 Ill. 141); a piece of sidewalk
floating in a pond alongside a street (*Linnberg v. City
of Rock Island,* 157 Ill. App. 527), and premises where
such machinery applies or constructions are alluring
and inviting to children, and where those maintaining
the same could reasonably anticipate that children
might be injured while playing with or around them.
The application in this State at least seems to be more

particularly made to such places, machines and appliances as are not at the time of the injury being used or supervised by those sought to be charged with negligence. Such is characteristically true of railroad turntables, from whence the name of the "turntable cases" frequently applied to cases of this class is derived, for they are generally left without any one in charge of them when not in active use. In *Prickett v. Pardridge*, 189 Ill. App. 307 [9 N. C. C. A. 76], it is aptly said: "In Illinois if the owner or occupant of premises leaves a dangerous machine or thing exposed under such conditions that it may reasonably be anticipated that children of such tender age as to be incapable of exercising proper care for their safety may, by their own instincts, be attracted to the dangerous thing and thereby injured, he will be liable for such injury." On the contrary, machines and vehicles in actual use at the time of the injury are not ordinarily recognized by our courts as attractive nuisances. In *Donaldson v. Spring Valley Coal Co.*, 175 Ill. App. 224, the court states: "No case has been called to our attention where the doctrine of attractive nuisance has ever been applied to any machinery on premises in actual use by the owner. To employ the language used by counsel for appellant, 'it has been restricted to things not in use, to things at rest,'" and this position is supported by many earlier cases: *Chicago West Division Ry. Co. v. Hair*, 57 Ill. App. 587; *Scott v. Peabody Coal Co.*, 153 Ill. App. 103; *Putney v. Keith*, 98 Ill. App. 285; *Newman v. Barber Asphalt Paving Co.*, 190 Ill. App. 636; *Chicago, B. & Q. R. Co. v. Stumps*, 55 Ill. 367. Conforming our opinion to the Illinois doctrine above expressed, as being the proper rule to be applied in the present case, we conclude that the steam roller, while going along the public street in charge of appellant's servant, was not an attractive nuisance, and that the law applicable to attractive nuisances does not apply.

We also find that there was no proof that the servant of appellant wantonly and wilfully drove the roller upon the child, as charged in the seventh count of the declaration, or that he was guilty of such recklessness as would charge him with wilfulness. He was driving the roller along the street at a moderate speed and the child was not seen by him coming up to the roller from the side, or upon the same, as his view was obscured by the machinery on the framework above the roller. No other children were at or about the roller at the time and there was nothing to attract the attention of the driver to the child. In the case of *Donaldson v. Spring Valley Coal Co., supra,* where the injury was likewise to a six-year-old child, it was said: "The general rule is that the owner or occupier of premises owes no duty to a trespasser except to do him no wilful or wanton injury. 3 Elliott on Railroads (2nd Ed.), sec. 1253, note 49. It is not under greater obligation to anticipate the presence of children upon its premises than of adults. *Chicago & W. I. R. Co. v. Roath,* 35 Ill. App. 349. The tender years of appellee added nothing to the duty of appellant." This rule applies with the same force to a piece of machinery that it does to dangerous premises. It should be borne in mind that the accident happened by reason of the child getting on the machinery and falling off and not by its mere presence in the street.

Appellant complains that certain jurors when examined on their *voir dire* were asked questions which would indicate to the jury that the case was really being defended by an insurance or casualty company, and that therefore the nominal defendant was not interested. The question asked was whether or not the juror, to whom it was put, was interested in any insurance or casualty company doing liability business. One of the jurors asked this question, a talesman, was a grocery man living in the village of Godfrey, Illinois,

and another was a farmer. No reason appears why these questions were asked these particular prospective jurors, and there is some ground for believing that the claim of appellant is well founded, and this objectional feature should be avoided if there should be another trial of the case. Other objections raised by appellant do not appear to us to need comment. For the reasons above stated, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*