Bernard D. Schlatter, Administrator of Estate of James E. Schlatter, Deceased, Appellant, v. City of Peoria, Appellee.

Gen. No. 9,603.

Opinion filed April 12, 1941.

SAMUEL M. FRIEDLANDER and GEORGE W. HUNT, both of Peoria, for appellant.

CLARENCE W. HEYL, of Peoria, for appellee.

MR. JUSTICE HUFFMAN delivered the opinion of the court.

Appellant as administrator of the estate of James E. Schlatter, a minor child, brought this suit against appellee city to recover for the alleged wrongful death of said child. It is charged that a motor vehicle was used by appellee for the purpose of collecting garbage; that the same consisted of a motor truck and a trailer compartment wherein the garbage was dumped; that the garbage trailer was equipped with certain foot-rests, steps, supports and handbars in such a manner as to incite childish curiosity and thereby children of

tender years were naturally attracted thereto as a place to play, by climbing upon the steps and footrests and holding to the support rods which were attached thereto. It is charged that appellee during such time as the truck was in use would permit it to stand from time to time in the street exposed and unguarded, thereby exposing the same to children then in the street, and that it thereby became an attractive place for children of tender years because of the fact they were naturally attracted to it and disposed to climb upon the supports and steps attached thereto.

It is further alleged that plaintiff's intestate on July 12, 1938, then a child eight years of age, climbed upon the rear step or footrest connected to the garbage trailer, and that when the same was put in motion, fell therefrom, was run over by the trailer and killed.

Defendant city filed its motion to dismiss the complaint, setting up various reasons, among which were: That the motor vehicle then in use and the garbage trailer connected therewith did not constitute an attractive nuisance; and that no cause of action was set out in the complaint. The trial court sustained the motion. Plaintiff elected to stand by the complaint, whereupon judgment was rendered for appellee, from which judgment plaintiff appeals.

Appellee urges that the complaint does not charge that the proximate cause of death of plaintiff's intestate was occasioned by any negligence on the part of the city, other than the maintenance of an attractive nuisance, and in this respect, it urges that a moving vehicle in a public street cannot be considered as an attractive nuisance. (Citing, among other cases, the following: *Chicago & A. R. Co. v. McLaughlin,* 47 Ill. 265; *East St. Louis Connecting R. Co. v. Jenks,* 54 Ill. App. 91; *Conlon v. Bailey,* 58 Ill. App. 261; *Newman v. Barber Asphalt Paving Co.,* 190 Ill. App. 636; *Purcell v. Degenhardt,* 202 Ill. App. 611).

There can be no question but that appellee was using the garbage truck in a usual and customary manner and that its use upon the public streets of the City of Peoria was a legitimate one. The very nature of the work to be done requires that the truck be stopped at places where garbage is to be gathered. We find no charge of negligence on the part of appellee's servant who was in charge of the truck. The sole charge of negligence appears to be directed against appellee city for maintaining an attractive nuisance.

Motor vehicles are the common method of transportation, and to say that they constitute such an allurement to children of tender years as to give rise to the application of the doctrine of attractive nuisance, when the motor vehicle is in use, is not warranted. As stated in the case of *Burns v. City of Chicago,* 338 Ill. 89, at page 100, the doctrine should be very cautiously applied. It appears in the case of *Michalik v. City of Chicago,* 286 Ill. App. 617 (4 N. E. (2d) 256), that the city was held not liable, on the theory of attractive nuisance, for death of a boy who fell from a trailer attached to a motor truck which was being used by the city to haul junk.

Under the circumstances appearing herein and in view of the weight of authority, we are not of the opinion that the use of the garbage truck by appellee upon the public streets of the City can be considered as constituting the maintenance of an attractive nuisance, as is charged.

The judgment of the trial court is therefore affirmed.

*Judgment affirmed.*