## Arthur Foster v. Otto E. Weber.

1. PRACTICE—*What is Necessary to Set Aside a Default.*—Before a party is entitled to have a default set aside, he is bound to show that he had a defense to the suit and used due diligence to present it. Unless the court below abused its discretion in refusing to set aside the default this court can not interfere.

2. SAME—*Presumptions Are in Favor of the Regularity of the Trial Court's Proceedings.*—All presumptions must be in favor of the regularity of the proceedings in the trial court.

3. ATTORNEY AND CLIENT—*Negligence of Attorney is Negligence of the Client.*—The negligence of an attorney to interpose a defense to a suit is in law the negligence of the client.

Appeal from Judgment by Default.—Appeal from the Superior Court of Cook County; the Hon. JONAS HUTCHINSON, Judge presiding. Heard in the Branch Appellate Court at the October term, 1902. Affirmed. Opinion filed October 9, 1903.

CHARLES E. BARTLEY, attorney for appellant.

FITZGERALD & ORR, attorneys for appellee.

MR. JUSTICE STEIN delivered the opinion of the court.

This is an appeal from a judgment by default. Appellee has not appeared in this court.

Summons issued against appellant June 9, 1902, and was served on him three days later. Judgment for $300 and costs was rendered against him July 9, 1902.

The declaration was filed June 9, 1902, and consists of

the common counts. On the back of it is the usual printed "copy of account sued on," and an affidavit by plaintiff stating that his "demand is for work and labor performed by him for the defendant at his request."

July 11, 1902, appellant moved to set aside the judgment, which motion was continued several times and finally overruled July 24th. In support of the motion appellant filed divers affidavits, from which it appears that he retained an attorney to defend him, who failed to do so; that he was not indebted to the plaintiff in any sum and never had been; that he had entered into a written contract with one McDonald to exchange a farm belonging to McDonald for an equity in property belonging to appellant's wife; that said written contract provided that if the farm was not as represented it should be void and that appellant should pay $300 to appellee, broker for McDonald, after the contract was consummated; that the representations turned out to be untrue and the contract never was consummated, and therefore appellant did not become liable for the $300.

Before appellant was entitled to have the default set aside he was bound to show that he had a defense to the suit and used due diligence to present it. Unless the court below abused its discretion in refusing to set aside the default this court can not interfere.

On the face of the record the suit was not brought upon a written instrument. But appellant claims there was no possible ground for liability on his part except upon the written contract mentioned in the affidavits, and that the judgment should be reversed because of the failure to file a copy of such contract, citing Lambert v. Jonte, 28 Ill. App. 593. This position might be correct were it not for the recital in the judgment order that the court heard "proofs submitted herein by the plaintiff, and being fully advised in the premises, assesses," etc. What those proofs were is not shown; and nothing appearing to the contrary we must presume that they were such as to warrant the court in finding from them the existence of an oral contract and that the judgment rendered is in accordance with the plead-

ings in the case. All presumptions must be in favor of the regularity of the proceedings in the court below.

Moreover, appellant did not exercise proper diligence in making his defense. An interval of nearly a month elapsed between the service of the summons and the taking of the default. He employed an attorney to defend him; but when he did so does not appear. It is entirely consistent with the statements in his affidavit to suppose that he did not employ an attorney until a day or an hour or five minutes before the default. It does not even appear, except possibly by inference, that he employed an attorney at all before the rendition of the judgment; and even if he did, there is no allegation that he communicated to him his defense or did anything by way of enabling him to present it. All that is shown in that regard is as follows:

"Arthur Foster, being first duly sworn, deposes and says that he was duly served with process in the above entitled cause and that he retained * * * an attorney of the city of Chicago, county and state aforesaid, to defend him in said cause and that the said * * * informed this affiant that he would look after the case for him and that there was nothing further for him to do until it came to trial."

But even if appellant had exercised proper diligence, the negligence of the attorney whom he employed in failing to interpose a defense is in law his own. Mendell v. Kimball, 85 Ill. 582; Treutler v. Halligan, 86 Ill. 39; Kern v. Strausberger, 71 Ill. 413.

The judgment will be affirmed.