## In the Matter of the Estate of Frederick Herhold, deceased.

### On Appeal of Albert L. White, Appellant, v. The Estate of Frederick Herhold, deceased, Appellee.

### Gen. No. 17,827.

1. JUDGES, § 9*—*when interchange is proper.* Under Hurd's R. S. ch. 37, § 245, J. & A. ¶ 3294, judges of city courts may hold court for each other and for Circuit and Superior judges anywhere in the State, including Cook county.

2. APPEAL AND ERROR, § 1718*—*when error is waived.* The Appellate Court has no power to pass on the validity of a statute, and when a person appeals to such court assigning other errors which the court has jurisdiction of he waives his right to contend that the statute is invalid.

3. TRIAL, § 31*—*when case may be tried out of order.* Under Practice Act, § 21, J. & A. ¶ 8558, authorizing the court to try a

cause out of its regular order for "good and sufficient cause," the sufficiency of such cause is a question for the trial court, and its decision will not be interfered with on review unless there has been a clear abuse of discretion.

4. CONTINUANCE, § 1*—*when proper.* A motion for a continuance is properly denied when based upon the ground that the plaintiff had a similar or the same suit pending in another court, and the affidavit did not suggest that the trial in the other court was necessary in order to obtain all the relief sought in the two suits.

5. TRIAL, § 192*—*when direction of verdict is proper.* Where a plaintiff and defendant were both present in court with their attorneys and there were no unsettled pleadings or other sufficient reason why the cause should not be tried, both parties had the right to have a final disposition of the cause, and when the defendant demanded a trial and the plaintiff refused to introduce any evidence, although he had the burden of proving his case, it was proper to direct a verdict for defendant.

6. DISMISSAL, NONSUIT AND DISCONTINUANCE, § 38*—*when involuntary nonsuit is proper.* An involuntary nonsuit cannot be legally obtained through the voluntary action of the plaintiff and against the objection of the defendant.

Appeal from the Circuit Court of Cook county; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed October 15, 1913.

LEMAN & RIGBY, for appellant.

MAYER, MEYER, AUSTRIAN & PLATT, for appellee.

MR. JUSTICE DUNCAN delivered the opinion of the court.

Appellant, Albert L. White, appeals from a judgment of the Circuit Court of Cook county against him and in favor of the administrator of the estate of Frederick Herhold, deceased, rendered June 12, 1911, on a claim filed by him in the Probate Court against said estate for $9,632.53. The cause was taken to the Circuit Court on appeal from an order of the Probate Court of Cook county, dismissing said claim "without prejudice." The cause was disposed of in the Circuit

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

Court before H. Sterling Pomeroy of Kewanee, Illinois, as the presiding judge, and who was then the duly elected and qualified judge of the City Court of Kewanee, Henry county, Illinois.

Appellant first contends that Judge Pomeroy had no right, power or authority to act as judge of the Circuit Court of Cook county, and that the judgment therefore is a nullity. He argues that if section 245 of chapter 37 of Hurd's Statutes (J. & A. ¶ 3294) should be construed as authorizing and empowering a judge of a City Court outside of Cook county to hold Circuit Court in Cook county, it is in violation of Article IV of the Constitution of 1870. That section of the statutes reads as follows:

"Such judges may, with like privileges as the judges of Circuit and County courts, interchange with each other, and with the judges of Circuit, Superior and Probate courts, and may hold court for each other, and for judges of Circuit, Superior, County and Probate courts, and perform each other's duties, and the duties of judges of Circuit, Superior, County and Probate courts, when they find it necessary or convenient."

The said provision seems to clearly authorize judges of city courts to hold court for each other and for Circuit and Superior judges anywhere in the State, including Cook county. Our Supreme Court has recognized the act in question as a valid law. *American Car & Foundry Co. v. Hill*, 226 Ill. 227. This court has no power or right to pass on the validity of a statute law, and appellant by appealing to this court and assigning other errors which this court has jurisdiction to pass on has waived his right to contend that the statute in question is unconstitutional. The validity of the said statute is not, therefore, a question for decision in this appeal. *Case v. City of Sullivan*, 222 Ill. 56; *Rogers v. St. Louis-Carterville Coal Co.*, 254 Ill. 104.

We find no merit in the contentions of appellant that the court erred in advancing and trying the cause out of its regular order, and in refusing to continue the

same on affidavit of appellant. Section 21 of our Practice Act (J. & A. ¶ 8558) gives the court the right and power to advance and try a cause out of its regular order for "good and sufficient cause." What is good and sufficient cause within the meaning of that section is a question for the trial court, and the trial court's decision in that regard will not be interfered with by the reviewing court unless there has been a clear abuse of his discretion. *Spitzer v. Schlatt*, 249 Ill. 416; *Staunton Coal Co. v. Menk*, 197 Ill. 369.

A motion for a continuance setting up other than statutory causes therefor is also addressed to the sound discretion of the court. Appellant failed to show the court that he would be any better prepared to try the cause at a later time or that he was in any wise prejudiced by the advancement and trial of the cause. The main ground relied on for a continuance was that he had the same or a similar suit pending in the Superior Court of Cook county, wherein the same issues were involved requiring the same evidence, and that it would be a burden to him to have to retry the same in that court upon the same evidence, as a judgment in that court for him would prevent any necessity of a trial of this case in the Circuit Court, and his defeat in the suit in the Superior Court would bar his recovery in the Circuit Court. It was not suggested in the affidavit that a trial in the Superior Court was a necessity in order to obtain all the relief he was seeking in the two suits. The court therefore properly overruled his motion for a continuance.

It is finally argued that the court erred in calling a jury and in directing the jury to return a verdict for appellee, as there was no evidence introduced by either party; and that the court ought to have dismissed the suit or the appeal, and should not have entered a judgment on a directed verdict barring appellant's right of recovery. Appellant and appellee were both present in court with their attorneys, and there were no un-

settled pleadings, or other sufficient reasons shown or urged why the cause should not be tried.   Under such conditions it is the right of both parties to have a final trial or disposition of the cause, and the court cannot legally deny either party a trial without good cause therefor is shown.   Appellee demanded a trial, and the court called a jury.   Appellant refused to introduce any evidence.   As the burden of proof was on appellant to prove his claim, the court properly directed the jury to return a verdict finding the issues for appellee. Such a direction by the court is just as proper where no evidence at all is offered, as it would have been had appellant introduced evidence insufficient to prove his claim, and he was not in a position to legally demand an involuntary nonsuit.   Appellee did not obtain a. judgment in bar of the action in the Probate Court, and could not obtain such a judgment by a dismissal of the appeal.   Appellant was entitled to a voluntary nonsuit at any time before the jury left the bar by simply asking the court to grant it, but he failed to do so.   Having refused to take a voluntary nonsuit, appellant rendered the right of appellee to a judgment in bar absolute, and he must now be held bound by the judgment.   An involuntary nonsuit or dismissal of the suit is proper in many instances where there is a failure to prosecute the suit on the part of the plaintiff, or where for any other reason it would not be just to the defendant to allow the particular suit to proceed further.   An involuntary nonsuit, however, cannot be legally obtained through the voluntary action of the plaintiff and against the objection of the defendant. A judgment, as in case of involuntary nonsuit by a court under such circumstances would be unwarranted, as such a judgment in contemplation of law usually comes at the instance of the defendant. *Delano v. Bennett,* 61 Ill. 83; *Kennedy v. Flick,* 164 Ill. App. 483.    See also *Searcy v. Rogers,* 69 Ill. 534; *Williams v. Brunton,* 8 Ill. (3 Gilm.) 600; *Boyce v. Snow,* 187 Ill. 181,

affirming 88 Ill. App. 402; *Sanitary Dist. of Chicago v. Chapin*, 226 Ill., 499; *Leonard v. Garland*, 252 Ill. 300; *Sehnert v. Schipper & Block*, 168 Ill. App. 245; *People v. Reuter*, 88 Ill. App. 586.

There is no error in the record and the judgment is affirmed.

*Affirmed.*