Walter Gaines, Appellant, v. Chicago Railways Company et al., Appellees.

Gen. No. 33,434.

Opinion filed November 6, 1929.

H. A. BARNHARDT, for appellant.

GEORGE W. MILLER, ARTHUR J. DONOVAN and W. I. DEFFENBAUGH, for appellees; FRANK L. KRIETE and WARNER H. ROBINSON, of counsel.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This is an action on the case for personal injuries.

It seems that at the time there were three cases before the trial judge against the same defendant companies as in the case at bar; that counsel for plaintiff represented the plaintiffs in the first two of the three cases. The first case proceeded to trial and plaintiff

took a nonsuit. The second case, being the case at bar, being reached, the following colloquy occurred between court and counsel and the action thereon by the court as follows:

"Mr. Barnhardt: I am not ready for trial, and I shall take no part in the trial.

The Court: What is the reason?

Mr. Robinson: You stated this morning you were ready.

Mr. Barnhardt: Many things can happen between morning and afternoon.

The Court: What is the reason?

Mr. Barnhardt: In the first place, I am not physically able to go to trial. I have been going all day under the stress of a severe headache. I think I am taking the flu or the grippe. Furthermore, I am not—

Mr. Robinson: I will ask to have the suit dismissed for want of prosecution.

Mr. Barnhardt: I am not prepared to go to trial.

The Court: You announced this morning you were ready in this case.

Mr. Barnhardt: I announced I thought I would be ready in those two following cases.

The Court: There wasn't any qualifications to it. You announced ready in the Gaines case, as I recall it.

Mr. Robinson: I ask to have it tried.

The Court: You may proceed in the interrogation of the jury, gentlemen, for the trial.

Mr. Barnhardt: I understand Mr. Robinson asked to have it dismissed for want of prosecution, is that right?

Mr. Robinson: Yes, but I withdraw the motion.

The Court: You may proceed with the interrogation of the jury, if you have any to make.

Mr. Barnhardt: I am not representing the plaintiff here, your Honor. I ask leave to withdraw from the case.

The Court: Leave will be denied. You may proceed.

Mr. Barnhardt: Is the Court going to hold me here against my volition?

The Court: Well I—certainly you are of record here as attorney for the plaintiff in this case. In court you announced you were ready for it. We are going to proceed.

Mr. Barnhardt: The only thing the Court has a right to do in such a situation is to dismiss the case for want of prosecution.

The Court: You say it is?

Mr. Barnhardt: That is the only thing I think.

The Court: I am glad to have your flat statement without equivocation as to the only thing I have the right to do. You know, there are some things attorneys are required to do as officers of the Court. One is that they can't represent a client and walk out without being subject to some possible after-requirement. Now, you may proceed, Mr. Robinson.

Mr. Barnhardt: I will ask leave of the Court to leave the courtroom and go back home; as a matter of fact, go to bed.

Mr. Robinson: I will accept the jury, your Honor.

The Court: Rise, gentlemen, and be sworn.''

And thereupon the panel of twelve jurors were duly sworn to try the issues herein.

''The Court: You may proceed, Mr. Barnhardt, in your evidence. Anything to offer for the plaintiff?

Mr. Barnhardt: Not at this time, your Honor.

The Court: What is your—prepare a form of verdict, Mr. Clerk.

Mr. Robinson: I ask that the jury be directed to find the defendant not guilty, your Honor.

The Court: Gentlemen, we give you the form of verdict as follows: 'We the jury find the defendant—

Mr. Robinson: Defendants.

The Court: 'Defendants not guilty.' One of you gentlemen please sign as foreman. Read the verdict.

The Clerk: 'We the jury find this defendant not guilty.' Signed by A. C. Kelly.

The Court: Judgment on the verdict, Mr. Clerk. That's all in this case.

Mr. Barnhardt: To which action of the Court the plaintiff objects and excepts and prays an appeal to the Appellate Court of the First District.

The Court: Now, I understand from that statement you have changed your mind and are going to take some part. Let the order so specify. Appeal prayed, bond $200, thirty days. Call the case after.

Which was all the proceedings of any kind had on the trial of this cause.''

The difficulty with plaintiff's case is that he did not avail of the privileges which the law afforded to him and which, if he had done so, would have aided him out of the difficulty in which he found himself. He could have asked for a continuance or he could have taken a nonsuit. He made no motion for a continuance, as required by the rules of the court, and he made no motion for an order of nonsuit. It is true that counsel for the defense at first moved that the cause be dismissed for want of prosecution, but in bandying some words with counsel for the plaintiff, he withdrew that motion and asked that a jury be called, and the proceedings indicated above occurred.

Counsel for defendants were within their rights in their attitude and in the action which culminated in the verdict in favor of defendants and judgment of *nil capiat* entered thereon. While we may sympathize with counsel for plaintiff in the unfortunate dilemma in which he found himself on the occasion in question, we are unable to change the law as specifically announced by the Supreme Court of this State and this court in *Delano v. Bennett,* 61 Ill. 83; *Boyce v. Snow,* 187 Ill. 181; *Kennedy v. Flick,* 164 Ill. App. 483; *White v. Herhold,* 182 Ill. App. 477.

In *White v. Herhold, supra,* the court delivered a lengthy opinion in which it reviewed all the facts with an abundance of supporting authority, and in all the cases *supra* conditions were the same as in the case at bar. We commend counsel for his frank admission that he had been unable to find a single case holding that the court did not have a legal right to direct a verdict in such a situation, and therefore he cites none.

Counsel pleads that his client should not be punished for the derelictions of his counsel, but unhappily for him, the law is to the contrary of such contention.

In *Staunton Coal Company v. Menk,* 197 Ill. 369, the court said:

"It is the duty of a party to be present when his case is reached. His negligence in ascertaining when the case will be reached does not excuse his absence. If appellant relied upon the opinion of its attorney as to the time when the case would be reached for trial, it did so at its peril. The negligence of the attorney in such matters is the negligence of the client. (*Mendell v. Kimball,* 85 Ill. 582; *Walsh v. Walsh,* 114 id. 655; *Lawler v. Gordon,* 91 id. 602; *Schultz v. Meiselbar,* 144 id. 26."

And in *Eggleston v. Royal Trust Co.,* 205 Ill. 170, it was said: "Whatever want of diligence there is on the part of the attorneys binds the clients."

In *Imbrie v. Bear,* 230 Ill. App. 155, this court said:

"Disregarding petitioner's conclusions of law and immaterial averments, it is enough to say that the petition shows no ground on which court of equity would vacate a judgment. In fact, it is perfectly apparent upon its face that the judgment was entered because of the failure of defendant or his attorney to appear and make a defense when in the regular course of procedure the case was called for trial, and that such failure was due to the negligence of his attorney. It is well settled that relief will be barred where the

applicant has been guilty of negligence, and that an agent's or attorney's neglect or want of diligence is binding on the principal. (*Simon v. Hengels,* 107 Ill. App. 174; *Foster v. Weber,* 110 Ill. App. 5; *Eggleston v. Royal Trust Co.,* 205 Ill. 170; *Staunton Coal Co. v. Menk,* 197 Ill. 369.)''

The judgment appealed from, though seeming drastic from the viewpoint of plaintiff and his counsel, we have no power to reverse, for we find that the judgment is fully warranted by the law of this state, as announced in the cases here cited.

The judgment of the superior court being without error, is affirmed.

*Affirmed.*

Wilson, P. J., and Ryner, J., concur.