JEROME S. FEDER *et al.*, Plaintiffs-Appellants, *v.* JOHN HIERA *et al.*, Defendants.—(FRANK VIVACQUA *et al.*, Appellees.)

First District (5th Division)   No. 79-584

Opinion filed June 20, 1980.

John K. Kallman, of Chicago (Rudnick & Wolfe, of counsel), for appellants.

No brief filed for appellees.

Mr. PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

This is an appeal from an award of fees to the receiver and his attorney for services rendered in a foreclosure proceeding.

It appears that appellee Vivacqua was appointed receiver in a proceeding to foreclose the lien of a trust deed securing a note held by plaintiffs and that the receiver was permitted to retain an attorney, appellee Lusak. After the decree of foreclosure was entered, the appellees petitioned for fees. There were a number of continuances of the hearing on the petition but it was eventually called for disposition on October 26, 1978. Before any evidence was taken plaintiffs' counsel made an oral motion for a continuance stating:

"[M]y client has informed me that he is before a different court at this time. My client is a lawyer, and would ask the Court to indulge him in a short continuance until he can be present at the hearing.

Also, this matter came up last week, at this time, same day, and an order was entered setting it over to today. Through a mix-up between counsel, that order was never delivered to us, so we weren't aware of exactly what day the hearing would be on, so that the notice has been short to us, as well. We would, for the record, request a short date."

In denying the motion, the trial judge noted that the petition had been before him at least 10 times and that the attorney plaintiff (Lusak) had not appeared on any of those occasions.

Neither plaintiff was in court when the hearing proceeded but they were represented by the attorney who had moved for a continuance, and only the appellees testified. Lusak, who was the attorney for the receiver, gave testimony of 74½ hours of professional services, and Vivacqua (the receiver) testified to 474 3/4 hours of work, $982 incidental expenses, and approximately $3,000 in unpaid bills. Their testimony was supported by records and, although plaintiffs' attorney cross-examined Vivacqua, he did not question Lusak. The court entered an order awarding the latter $3,500 in attorney's fees and Vivacqua $7,100 for services with an additional $3,778.18 for expenses and unpaid bills.

Plaintiffs then moved to vacate and for reconsideration of the order "in light of the limited value of the real estate involved herein, the absence of any income therefrom, the inability of such real estate to support the fees granted, and other considerations" and because "due to lack of notice (such notice having been given the day before such hearing) and conflicts in scheduling, they were unable to appear personally to testify." At the hearing on the motion to vacate, plaintiffs' attorney appeared and again asked for a continuance so that his attorney-client could be present. The request was denied, as was plaintiffs' motion to vacate, and this appeal followed.

OPINION

■■ The sole contention on appeal is that the trial court erred "in failing to grant a short continuance where justice required it." A trial court must grant a motion for a continuance when the ends of justice clearly so require. (*Vollentine v. Christoff* (1974), 24 Ill. App. 3d 92, 321 N.E.2d 49; see Supreme Court Rule 231(b)(Ill. Rev. Stat. 1977, ch. 110A, par. 231(b)).) However, it has broad discretion in granting or denying such a motion and, in the absence of a manifest abuse of that discretion, its judgment will not be disturbed on appeal. (*Curtin v. Ogborn* (1979), 75 Ill. App. 3d 549, 394 N.E.2d 593.) Where a party bases a motion for continuance upon the absence of a witness, there must be a showing as to the materiality of the facts expected to be proven through the absent witness and the failure to do so, as was the case here, warrants the exercise

of the trial court's discretion. *North Federal Savings & Loan Association v. Tokoph* (1969), 110 Ill. App. 2d 254, 249 N.E.2d 241.

Additionally, we note that plaintiffs' motion was not supported by an affidavit as required by Supreme Court Rule 231(a) (Ill. Rev. Stat. 1977, ch. 110A, par. 231(a), which provides as follows:

> "If either party applies for a continuance of a cause on account of the absence of material evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want or time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured."

■■ It is established when no such supporting affidavit is filed the denial of the motion for a continuance cannot be regarded as abuse of discretion. *Kincl v. Hycel, Inc.* (1977), 56 Ill. App. 3d 772, 372 N.E.2d 385; *Parker v. Newman* (1973), 10 Ill. App. 3d 1019, 295 N.E.2d 503.

We are cognizant that the court should zealously guard the right of a party to a day in court, but we are also vividly aware of the number and backlog of cases which confront the trial court each year and the consumption of the court's time when the cases are sought to be continued on the date set for trial. As stated in *Davies v. Infragnia* (1964), 54 Ill. App. 2d 299, 305, 203 N.E.2d 725, 728, quoting *Parks v. City of Chicago* (1964), 50 Ill. App. 2d 100, 199 N.E.2d 830 (abstract):

> " 'Litigants and their attorneys owe a duty to the court to be ready to proceed with trials in their cases when reached on the trial calendar. That is particularly true today with the great number of pending cases and because of the efforts being made, both by the assignment judge and trial judges, to cut down the backlog of pending cases.' "

In the instant case, it appears that prior to date of this hearing a number of continuances had been granted at the request of plaintiffs and that they had not been physically in court on any of those occasions. The record also shows that plaintiffs' attorney was present at the hearing and cross-examined one of the appellees. At no time, however, did he make an offer of proof or otherwise inform the trial court as to the evidence that the absent plaintiffs might or could have presented and the record sheds no light in this regard.

■■ We conclude that the denial of the motion for a continuance was within the discretion of the trial court and, since plaintiffs have not raised

an issue on appeal concerning the amounts of the awards to appellees, we affirm the orders appealed from.

Affirmed.

LORENZ and WILSON, JJ., concur.