ALFONSO MARTINEZ, Plaintiff-Appellant, v. PHILLIP SCANDROLI, Defendant-Appellee.

Second District No. 84—14

Opinion filed February 5, 1985.

Joseph L. Polito, of Loves Park, for appellant.

Thomas E. Greenwald, of Rockford, for appellee.

JUSTICE STROUSE delivered the opinion of the court:

Plaintiff, Alfonso Martinez, appeals from orders of the circuit court of Winnebago County which denied his request for a continuance and entered a directed verdict in favor of defendant, Phillip Scandroli. Plaintiff asserts on appeal that the denial of a continuance

was an abuse of the trial court's discretion and that the court lacked authority under the circumstances to direct a verdict. The complaint was filed on October 22, 1980, alleging that plaintiff sustained serious personal injuries in an automobile accident with a vehicle driven by defendant. Plaintiff demanded trial by jury. On May 12, 1983, following completion of pleading and discovery, plaintiff's attorney moved to withdraw as counsel. The motion was granted on May 27, 1983, and plaintiff was allowed 21 days in which to secure other counsel. Plaintiff, appearing *pro se*, was allowed additional extensions of 14 days each on June 24 and July 7, 1983. On the latter occasion, the case was certified ready for trial as of August 1.

The case was set for jury trial on August 22, 1983, but on August 19 plaintiff obtained a continuance to September 26. Plaintiff retained new counsel in early September. On September 9, 1983, counsel appeared for defendant and was advised that the case remained set for jury trial on September 26. On September 19, plaintiff sought a further continuance, representing that he had not had sufficient time to prepare. The motion was denied on September 23. On September 26, the scheduled trial date, plaintiff renewed the motion in the morning when the case was called, and it was denied. The venire was present in the courtroom at 12 p.m., when the trial judge recessed and advised the venire to return at 1:30 p.m. At 1:30 p.m., plaintiff's counsel asserted that as he had only recently been retained he had had an inadequate opportunity to prepare for trial. The trial court again denied the motion and directed that trial proceed. Plaintiff then informed the court that necessary witnesses, including two medical experts, were unavailable or could not be reached, that he was totally unprepared and that he would not be ready to proceed if a jury were selected. Defendant then moved for a directed verdict, and the court, upon plaintiff's representation that it would be meaningless to select a jury in the case, granted the motion.

■■■ The decision to grant or deny a motion for continuance is addressed to the sound discretion of the trial court and should not be overturned on appeal unless that discretion has been abused. (*Huber v. Reznick* (1982), 107 Ill. App. 3d 529, 543; *City of Chicago v. Southgate Corp.* (1980), 86 Ill. App. 3d 56, 59.) A critical factor in the review of such rulings is whether the party which sought the continuance showed diligence in proceeding with the cause. (*Trillet v. Bachman* (1981), 96 Ill. App. 3d 477, 481; *Marshall v. Henning* (1980), 91 Ill. App. 3d 180, 182.) Once a cause is reached for hearing, no motion for continuance is to be heard without sufficient excuse being shown for the delay in so moving (87 Ill. 2d R. 231(f)), and the movant is

then required to present especially grave reasons to support his request. (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 656.) Where no reason exists for substitution of counsel, a party should only be allowed sufficient time for his counsel to prepare, not for each subsequent counsel he may seek to prepare independently. *Roberts v. McDaniel* (1959), 22 Ill. App. 2d 485, 490.

■ We conclude in this case that no abuse of discretion has been shown. The cause had been continued repeatedly following withdrawal of plaintiff's original counsel in May 1983 and had been certified ready for trial on August 1. The initial trial date was once continued, and substitute counsel was informed on September 9 that the case remained set for trial approximately two weeks thereafter. Plaintiff's further request for continuance failed to document why there was insufficient time to prepare for trial, nor what steps had been taken to contact necessary witnesses. There was no indication that the case was complex or difficult to prepare, or that plaintiff's preparation was frustrated by any unique or unforeseeable intervening circumstances. Further, in view of plaintiff's failure to present an affidavit as required by Supreme Court Rule 231(a) (87 Ill. 2d R. 231(a)), there was no basis for a continuance on account of the alleged absence of material evidence. (*Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1003.) We therefore hold that plaintiff's motion for continuance was properly denied. See *Roberts v. McDaniel* (1959), 22 Ill. App. 2d 485, 490-91.

■ Nevertheless, we cannot agree with the trial court that a directed verdict could properly be awarded in defendant's favor. Defendant relies upon *Gaines v. Chicago Ry. Co.* (1929), 255 Ill. App. 30, 32, and *In re Estate of Herhold* (1913), 182 Ill. App. 477, 481, for the proposition that the refusal by a plaintiff to present any evidence once the case has been called for trial warrants the award of a directed verdict in favor of the defendant. However, the law in Illinois is that trial has not begun when no jury has been selected, no prospective jurors have been examined or sworn and counsel has made no opening statement. (*Kahle v. John Deere Co.* (1984), 104 Ill. 2d 302, 309.) In the present case, unlike those upon which defendant relies, a directed verdict was awarded before the jurors were selected or other procedures indicative of the commencement of trial had been held. We do not believe that the statement by plaintiff's attorney that it would be meaningless to select a jury alters this result, particularly when he states that he does not waive any right to appeal the court's ruling. Upon consideration of the purposes served by the award of a directed verdict and the standard by which an award should be judged (*Pedrick v. Peoria & Eastern R.R. Co.* (1967), 37 Ill. 2d 494, 510), we

hold that the trial court is not authorized prior to the commencement of trial to grant a directed verdict as a sanction, even though such a motion may have been granted if the case proceeded to trial.

In accordance with the views set out above, the judgment of the circuit court of Winnebago County is reversed, and the cause is remanded for further proceedings.

Reversed and remanded.

LINDBERG and SCHNAKE, JJ., concur.