STEVEN H. WINE *et al.*, Plaintiffs-Appellees, v. MICHAEL J. BAUERFREUND *et al.*, Defendants-Appellants.

First District (5th Division) No. 86—1844

Opinion filed April 3, 1987.

Parrillo, Weiss & Moss, of Chicago (Kathryn L. Krueger, of counsel), for appellants.

Neal, Gerber & Eisenberg, of Chicago (H. Nicholas Berberian, Cynthia N. Juco, and Robert Galowich, of counsel), for appellees.

PRESIDING JUSTICE SULLIVAN delivered the opinion of the court:

Defendants appeal from a judgment entered on a jury verdict of $2,207 for damages to plaintiffs' automobile, which was struck by a truck owned by On the Rocks Ice Company and driven by Michael Bauerfreund (defendants). Since the issues presented all concern rulings made by the trial court, we will incorporate the relevant facts into our discussions thereof.

■ Defendants first contend that the trial court abused its discretion in denying their motion for a continuance. They argue that because (a) the motion, made on the first day set for trial, was the only request made for a continuance in this case and (b) continuances had been granted in all six of the preceding cases on that day's trial call—some of which had been continued on previous occasions—the court's refusal to grant them a continuance, requested for the reason that defendant was attending school out of State, was an "unforeseeable, unreasonable, arbitrary and injudicious" denial of his right to have his day in court.

The action was filed on June 25, 1985, and on July 26, counsel for defendants appeared and filed a jury demand. On October 3, 1985, defendants filed a petition for change of venue, and the case was then assigned to the trial judge. Bauerfreund was deposed on January 8, 1986, and on January 24, the trial court set the case for trial on March 31. Although the record before us does not contain a transcript of the proceedings on the motion for a continuance, there appears to be no dispute that on March 7, 1986, plaintiffs served defendants with notice to appear for trial, pursuant to Supreme Court Rule 237(b) (87 Ill. 2d R. 237(b)), and that when the case was called at 9:30 a.m. on March 31, as scheduled, defense counsel made an oral request for a continuance for the reason that Bauerfreund was attending school in Iowa. Noting that Bauerfreund could fly or drive back for the trial, the trial court denied the motion, but granted counsel's request for a recess until 2 p.m. At that time, counsel renewed the motion, which he then presented in written form. The trial court again denied the motion, and commenced the jury selection process, which was completed the following morning, April 1. In lieu of his testimony, portions of Bauerfreund's deposition were read to the jury at trial.

It is well settled that litigants do not have an absolute right to a continuance; rather the decision to grant or deny a motion for a continuance is within the sound discretion of the trial court (Ill. Rev. Stat. 1985, ch. 110, par. 2—1007; *Bean v. Norfolk & Western Ry. Co.* (1980), 84 Ill. App. 3d 395, 405 N.E.2d 418; *Montgomery v. Terminal R.R. Association* (1979), 73 Ill. App. 3d 650, 392 N.E.2d 77) and will not be disturbed on appeal unless it has resulted in a palpable injustice or constitutes a manifest abuse of discretion (*Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852; *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 407 N.E.2d 799; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327). Further, as stated in section 2—1007 of the Code of Civil Procedure:

"The circumstances, terms and conditions under which continuances may be granted, the time and manner in which application therefor shall be made, and the effect thereof, shall be according to rules." Ill. Rev. Stat. 1985, ch. 110, par. 2—1007.

■■ ■ With respect thereto, we note that under Supreme Court Rule 231 (87 Ill. 2d R. 231), a party moving for a continuance based on the absence of a witness must first show that the expected testimony is material. (*Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 407 N.E.2d 799.) The rule further provides:

"(a) Absence of Material Evidence. If either party applies for a continuance of a cause on account of the absence of material

evidence, the motion shall be supported by the affidavit of the party so applying or his authorized agent. The affidavit shall show (1) that due diligence has been used to obtain the evidence, or the want of time to obtain it; (2) of what particular fact or facts the evidence consists; (3) if the evidence consists of the testimony of a witness, his place of residence, or if his place of residence is not known, that due diligence has been used to ascertain it; and (4) that if further time is given the evidence can be procured.

(b) When Continuance Will Be Denied. If the court is satisfied that the evidence would not be material, or if the other party will admit the affidavit in evidence as proof only of what the absent witness would testify to if present, the continuance shall be denied unless the court, for the furtherance of justice, shall consider a continuance necessary." (87 Ill. 2d R. 231.)

Additionally, Rule 231 states:

"(f) Time for Motion. No motion for the continuance of a cause made after the cause has been reached for trial shall be heard, unless a sufficient excuse is shown for the delay."

In accordance therewith, it generally has been held that because of the potential inconvenience to the parties, the witnesses, and the court, the movant must give especially grave reasons for requesting a continuance once the case has reached the trial stage. (*Martinez v. Scandroli* (1985), 130 Ill. App. 3d 712, 474 N.E.2d 456; *Teitelbaum v. Reliable Welding Co.* (1982), 106 Ill. App. 3d 651, 435 N.E.2d 852; *Needy v. Sparks* (1977), 51 Ill. App. 3d 350, 366 N.E.2d 327.) As we noted in *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 1003, 407 N.E.2d 799, 801:

"We are cognizant that the trial court should zealously guard the right of a party to a day in court, but we are also vividly aware of the number and backlog of cases which confront the trial court each year and the consumption of the court's time when the cases are sought to be continued on the date set for trial."

Quoting from other authority, we further stated:

" 'Litigants and their attorneys owe a duty to the court to be ready to proceed with trials in their cases when reached on the trial calendar.' " 85 Ill. App. 3d 1001, 1003, 407 N.E.2d 799, 801, quoting *Parks v. City of Chicago* (1964), 50 Ill. App. 2d 100, 199 N.E.2d 830 (abstract of opinion).

Initially, we note that in the instant case, the motion for continuance of the case—presented on the date set for trial, first orally

and later in written form—was not supported by an affidavit containing the information required by Supreme Court Rule 231(a) showing: the specific reasons why Bauerfreund could not return to the jurisdiction for trial, that diligent efforts had been made to arrange for his appearance, the substance of the testimony he would give if present, and what material facts could be proven thereby which could not be established through his January 1986 deposition. The failure to file such an affidavit, standing alone, warrants the exercise of the court's discretion in denying the requested continuance. See *Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 407 N.E.2d 799.

■ Furthermore, the record discloses that in response to a request by plaintiffs' counsel on the first full day of trial that the jury be instructed that Bauerfreund's testimony would have been adverse to the defense case (1) as a sanction under Supreme Court Rules 237 and 219(c)[1] for his failure to comply with the notice to appear and (b) to counter any inferences unfavorable to the plaintiffs' case which the jurors might have drawn from his absence, defense counsel proposed as an alternative "sanction" that the court simply bar his testimony in the event that he appeared. Thus, given the fact that it was on defense counsel's recommendation—over plaintiffs' objection—that Bauerfreund's testimony was excluded by the trial court, his argument on appeal that he was unjustly denied his day in court is disingenuous at best.

■ Defendants next contend that "the trial court erred in allowing plaintiffs' counsel to ask the investigating officer whether he had issued a traffic ticket to Bauerfreund." *Cruse v. Hines* (1981), 92 Ill. App. 3d 884, 416 N.E.2d 710.

Prior to trial, defense counsel filed a motion to prohibit the introduction of testimony concerning, *inter alia*, the issuance of traffic citations. The motion was granted and no such evidence was presented during the plaintiffs' case in chief. Defense counsel

---

[1]Supreme Court Rule 237, "Compelling Appearance of Witnesses at Trial," states in relevant part:

"(b) Notice to Parties, *et al*. The appearance at the trial of a party *** may be required by serving the party with notice ***. If the party or person is a nonresident of the county, the court may order any terms and conditions in connection with his appearance at trial that are just, including payment of his reasonable expenses. Upon a failure to comply with the notice, the court may enter any order that is just, including any order provided for in Rule 219(c) that may be appropriate."

Supreme Court Rule 219(c) enumerates several orders which the trial court may enter, including the barring of testimony, concerning an issue to which the refusal or failure to comply relates (87 Ill. 2d R. 219(c)(iii)).

then called the investigating officer as the first defense witness and after various preliminary questions, the following colloquy took place:

"Q. OK. When you arrived at the scene of the accident, where was the Honda [plaintiff's automobile] located?

A. The Honda was located in a 'no parking zone,' which was a direct cause of the accident.

Q. You said 'direct cause.' Why is that?

A. Because the intersection on the northeast corner there, there is a no parking zone, so that vehicles are allowed to make a right turn without colliding with parked vehicles.

Q. So that's why there is a sign there?

A. That is correct, sir."

No objection was made during this segment of direct examination; however, at a side bar requested by defense counsel a short time later, plaintiffs' attorney moved to modify the motion *in limine* to be permitted to cross-examine the officer as to whether he had issued a ticket to Bauerfreund for negligent driving. The trial court granted the motion to modify, ruling that the officer's testimony that the Honda was illegally parked and had caused the accident "opened the door" to evidence regarding the issuance of traffic tickets.

We note initially that although defendants' brief refers to defense counsel's "objections" to plaintiffs' motion, a careful review of the transcript reveals that the only concern he expressed was whether under the court's ruling he would be allowed to elicit evidence that in addition to Bauerfreund's citation for negligent driving, a traffic ticket had been issued to plaintiffs for illegal parking, and, further, that after being admonished by the trial court that, "You opened the door. If you want to swing it open wide, go ahead," defense counsel resumed direct examination of the officer as follows:

"Q. Were tickets given?

A. Yes sir, I did.

Q. Who got the tickets?

A. I issued the truck driver a citation for negligent driving, and I also had another police officer come to the scene, take a look at the position of the Honda, and had him issue a citation for illegally parked [*sic*].

Q. Why did both people receive tickets?

A. Because the Honda was illegally parked and a direct cause for [*sic*] the accident."

The trial court sustained plaintiffs' objection, ordered the testimony stricken, and directed the officer to refrain from making further conclusions, following which defense counsel tendered the witness for

cross-examination. Given this sequence of events and defense counsel's actions, it is our view that any alleged error regarding the introduction of evidence relating to traffic citations was waived.

■ In any event, we believe that the trial court's ruling was consistent with the applicable law, as stated in *Martin v. Allstate Insurance Co.* (1981), 92 Ill. App. 3d 829, 832, 416 N.E.2d 347, 350, wherein we quoted *People v. Lewis* (1977), 52 Ill. App. 3d 477, 485, 367 N.E.2d 710, 715, as follows:

> " 'If one party opens up an issue and the other party will be prejudiced unless he can introduce contradictory or explanatory evidence, then the prejudiced party will be permitted to introduce such evidence, even though it might otherwise be improper.' "

Irrespective of whether the officer's testimony as to the location of plaintiffs' automobile in a "no-parking" zone's being "a direct cause of the accident" was, as defendants claim, an unsolicited, gratuitous remark, it is undeniable that defense counsel nevertheless pursued the matter by asking follow-up questions regarding the basis for the officer's opinion and the reason why plaintiffs received a traffic citation, the latter of which resulted in an almost verbatim repetition of the officer's earlier statement that their automobile was illegally parked and "a direct cause of the accident." In view thereof, the trial court correctly ruled that defendants had opened up the issue of traffic citations and that plaintiffs were therefore entitled to introduce evidence that the officer had issued a ticket to Bauerfreund for negligent driving.

■ In a related contention, defendants assert that the trial court committed reversible error by advising the jury of Bauerfreund's conviction on that negligent driving citation. Citing *Hengels v. Gilski* (1984), 127 Ill. App. 3d 894, 469 N.E.2d 708, they argue that having pleaded "not guilty" at the traffic court hearing thereon, his subsequent conviction of that offense was not admissible in the instant proceeding.

The issue in *Hengels* was whether the trial court erred in *excluding* evidence that defendant had been convicted, following a plea of "not guilty," of violating the "hit and run" provisions of the Illinois Vehicle Code. In finding that its exclusion was not error, the court stated,

> "A traffic court conviction will often result from expediency, convenience and compromise; the constitutional safeguards are often perfunctory and the defendant's opportunity and motive to defend vigorously are often lacking. We do not believe that

such a traffic court conviction possesses the adequate assurance of reliability necessary to justify its admission into evidence at a later civil trial based upon the same facts. To hold otherwise, we believe, could conceivably turn a mechanical and summary traffic court hearing into the cornerstone of a significant civil action filed after the conclusion of the criminal proceedings." 127 Ill. App. 3d 894, 910, 469 N.E.2d 708, 721.

See also *Nunley v. Mares* (1983), 114 Ill. App. 3d 779, 449 N.E.2d 864; *Smith v. Andrews* (1964), 54 Ill. App. 2d 51, 203 N.E.2d 160.

While we agree with both the reasoning and holding in *Hengels*, the court did not say, nor do we interpret the case to mean, that the admission of evidence in a civil case of a defendant's conviction of a related traffic offense is on its face reversible error in all cases.

In the case before us, the court's decision to advise the jury of the conviction must be considered in the context of the events preceding it. During cross-examination of the officer, plaintiffs' counsel sought to impeach his testimony regarding the issue of causation by showing not only that he had issued a traffic citation to Bauerfreund for negligent driving, but also that he had appeared in court and testified against Bauerfreund on that charge. Immediately thereafter, plaintiffs' counsel asked,

"Are you aware, sir, that Mr. Bauerfreund was found guilty of that violation?"

The trial court sustained defense counsel's objection to the question prior to any response by the officer and assured defense counsel that the jury would be instructed on the matter at the appropriate time. Despite the court's ruling, however, defense counsel's first question on redirect examination was:

"Isn't it true, Officer, that Michael Bauerfreund was found not guilty on that ticket he received?"

Plaintiffs' objection thereto was also sustained and defense counsel proceeded with redirect examination concerning the parking ticket issued to plaintiffs, eliciting once more in the course of examination, the officer's opinion that had their vehicle not been illegally parked, the accident would likely not have happened. Upon conclusion of the officer's testimony, a side bar was held at which plaintiffs' counsel produced a certified copy of Bauerfreund's conviction and requested that it be admitted into evidence to counter the contrary inference raised by defense counsel's question.

Although the trial court initially expressed reluctance to grant the request, noting the general rule against admitting evidence of traffic convictions in civil cases, upon further consideration, the court de-

cided that in order to eliminate any confusion in the jurors' minds and to avoid inappropriate and time-consuming speculation by them during deliberations, it would inform them that Bauerfreund had been found guilty of negligent driving. In addition, however, the court, while denying defense counsel's motion for a mistrial on the ground that the dilemma had been precipitated by the officer's improper remarks as to causation of the collision, nevertheless granted his request that the jury be instructed that the conviction was of no relevance to the issues before them and should not be considered at all by them in reaching a decision in the case. In our opinion, the court acted as judiciously and fairly as was possible under the totality of circumstances with which it was presented.

■ We have reviewed defendants' next contention, that it was error to allow portions of Bauerfreund's deposition to be read to the jury without authenticating its recordation by the court reporter who transcribed it, and find that because the deposition was certified—following Bauerfreund's waiver of signature—under Supreme Court Rule 207 (87 Ill. 2d R. 207), it required no further authentication. Moreover, as was noted by the trial court in a side bar discussion of this matter, Supreme Court Rule 212 provides that a discovery deposition may be used "(2) as an admission by a party or *** (4) for any purpose for which an affidavit may be used." (87 Ill. 2d R. 212(a)(2), (a)(4).) In the light of Bauerfreund's failure to comply with the notice to appear, we find no error in the court's decision to allow those portions of his deposition which were within the purview of Supreme Court Rule 212 to be read to the jury.

For the reasons stated, the order entering judgment for plaintiffs is affirmed.

Affirmed.

PINCHAM and MURRAY, JJ., concur.