MARY HOUSER, Plaintiff-Appellant, v. STATE FARM INSURANCE COM-
PANY, Defendant-Appellee.

Third District   No. 3—89—0132

Opinion filed December 29, 1989.

Scott J. Ganassin, of Peter F. Ferracuti & Associates, of Ottawa, for appellant.

Michael T. Reagan, of Ottawa, for appellee.

PRESIDING JUSTICE WOMBACHER delivered the opinion of the court:

The plaintiff, Mary Houser, brought a declaratory judgment action against the defendant, State Farm Insurance Company, to determine the extent of the plaintiff's uninsured motorist coverage. The defendant filed a motion for summary judgment. The trial court granted the motion, and the plaintiff appeals. We affirm.

The record shows that on May 31, 1986, the plaintiff was driving her car and was injured when the operator of an uninsured motor vehicle collided with her car. At the time, the plaintiff was insured by the defendant. Thereafter, the plaintiff made a written claim to the defendant for benefits under the uninsured motorist provisions of her policy. The defendant agreed to pay the $25,000 limit of the plaintiff's policy. The plaintiff then brought this declaratory judgment action seeking to establish that her uninsured motorist coverage exceeded the $25,000 policy limit.

The complaint alleged that the plaintiff was entitled to uninsured motorist benefits up to her policy's higher bodily injury liability limits, because the defendant had failed to offer uninsured motorist coverage up to those limits. The complaint also alleged that the defendant had failed to adequately advise the plaintiff about the nature of uninsured motorist coverage. The plaintiff contended that these alleged errors violated section 143a—2 of the Illinois Insurance Code (Ill. Rev. Stat. 1987, ch. 73, par. 755a—2), which required insurance companies to inform policyholders that they could get uninsured motorist coverage up to the same amount as their bodily injury liability coverage.

In reply, the defendant stated that following the enactment of section 143a—2, it had started a campaign in 1983 designed to inform its

policyholders about the uninsured motorist coverage limits. As part of this campaign, Illinois policyholders were offered the opportunity to increase their uninsured motorist coverage. In addition, each policyholder was sent a booklet, NA59105d IL, which explained the coverage. The procedure used to send this information was a computerized mailing system. The computer was programmed to print the offer of new coverage and to insert booklets in mailings to policyholders. This information was then enclosed with the policyholders' premium renewal notices.

The defendant stated that since the plaintiff was a policyholder at the time of this campaign, she would have been mailed the offer and the booklet. As evidence that the plaintiff received this information, the defendant established that the plaintiff had paid the enclosed renewal premium.

In the course of discovery, however, the defendant gave the plaintiff booklet NA59102c IL, which discussed underinsured coverage, rather than booklet NA59105d IL, which discussed uninsured coverage. Upon discovering its mistake, the defendant moved for a continuance and filed affidavits explaining how the wrong document had been produced during discovery.

The defendant explained that at the time discovery was initially compiled, it assumed that the plaintiff's coverage in 1983 was the same as the coverage she had initially purchased in 1980. Based on this assumption, the defendant presumed that its computer had sent the plaintiff booklet NA59102c IL during its 1983 campaign. In final preparation for trial, however, the defendant realized that the plaintiff had changed her coverage status in 1981. Based on this change of coverage, the defendant contended that its computerized mailing system would have automatically mailed the plaintiff booklet NA59105d IL.

The trial court granted the defendant's motion for a continuance. Thereafter, the defendant filed a motion for summary judgment, contending that the plaintiff's claim failed to raise a genuine issue of material fact. The trial court granted the motion, finding that the defendant had offered the plaintiff uninsured motorist coverage in a commercially reasonable manner.

On appeal, the plaintiff initially argues that the trial court improperly granted the defendant's motion for summary judgment. Specifically, the plaintiff argues that the defendant's discovery mistake created an issue of fact as to whether the defendant offered the plaintiff the opportunity to purchase additional uninsured motorist coverage.

■ Before reaching that issue, we note that the plaintiff has filed a motion to strike the "Additional Statement of Facts" contained in

the defendant's appeal brief. She contends that the statement contains facts not in the record and contains conclusions and arguments. We previously took this motion with the case. To the extent the defendant's statement of facts strays from the bare facts contained in the record, the plaintiff's motion is hereby granted.

▮ Returning to the issue on appeal, we note that a motion for summary judgment should be granted "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (Ill. Rev. Stat. 1987, ch. 110, par. 2—1005(c).) Although the plaintiff, as the party opposing summary judgment, is not required to prove her case at this stage, she must provide a factual basis under which she would be entitled to judgment, and she has an affirmative duty to bring forth facts and evidence of a cognizable cause of action. *Burns v. Addison Golf Club, Inc.* (1987), 161 Ill. App. 3d 127, 514 N.E.2d 68. ·

▮▮ To determine that a cause of action was not established in this case, the trial court had to find that the defendant's offer was made in a "commercially reasonable manner." (*Cloninger v. National General Insurance Co.* (1985), 109 Ill. 2d 419, 488 N.E.2d 548.) While no Illinois court has defined what constitutes a "commercially reasonable manner," in *Orolin v. Hartford Accident & Indemnity Co.* (N.D. Ill. 1984), 585 F. Supp. 97, 100, the Federal court adopted an objective standard of reasonableness. It found commercially reasonable an insurance company's practice of attaching underinsured motorist coverage information to premium renewal notices.

Following the *Orolin* court's objective standard of reasonableness, we find commercially reasonable the instant defendant's method of mailing underinsured and uninsured motorist information with its renewal notices. The method employed by the defendant reasonably insured that its policyholders would be informed about the availability of uninsured motorist coverage. In addition, we find that booklet NA59105d IL adequately informed the plaintiff about the coverage. We agree with the trial court that the plaintiff failed to set forth any facts indicating that the defendant's offer was made in an unreasonable manner.

▮ We also find meritless the plaintiff's argument that the defendant's discovery mistake created an issue of fact. The plaintiff has not shown this error to be indicative of an error committed by the defendant during the actual offer process. The defendant's mistake was committed years after the booklet was mailed to the plaintiff. This type of discovery error does not create a genuine issue of material fact.

The plaintiff also argues that summary judgment was improperly granted because the trial court failed to grant her oral request for a continuance. She contends that additional discovery time was needed to determine whether the mailing procedure used by the defendant met the statutory requirements of a proper offer.

■ A motion for a continuance must be supported by an affidavit, and when no affidavit is filed, the denial of the motion cannot be regarded as an abuse of discretion. (*Feder v. Hiera* (1980), 85 Ill. App. 3d 1001, 407 N.E.2d 799.) Furthermore, Supreme Court Rule 191(b) (107 Ill. 2d R. 191(b)), which provides the procedure to be used when a nonmoving party does not have sufficient information to respond to a motion for summary judgment, also requires that an affidavit be filed.

In the instant case, the plaintiff did not file an affidavit with her request for a continuance. Accordingly, we find no error in the trial court's denial of her request.

■ The plaintiff's final argument is that the affidavits provided in support of the defendant's motion for summary judgment should have been stricken since they did not meet the requirements of Supreme Court Rule 191. Specifically, she argues that the affidavits lacked a certification expressing the affiants' personal knowledge of the information contained therein and their ability to competently testify thereto.

Supreme Court Rule 191 (107 Ill. 2d R. 191) states that affidavits in support of a motion for summary judgment "shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." The rule does not require that each affidavit include an express statement to that effect; rather, the rule is satisfied if it appears from the document as a whole that the affiant would be competent to testify if called upon. *Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.

In the instant case, the affidavits filed by the defendant reflected the affiants' job titles, their duties in connection with their positions, and their roles in the preparation of the procedures and documents used by the defendant in its 1983 informational campaign. We find that this information satisfied the competency requirement of Rule 191. We therefore hold that the trial court properly granted the defendant's motion for summary judgment.

The judgment of the circuit court of La Salle County is affirmed.

Affirmed.

HEIPLE and BARRY, JJ., concur.